# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

CODY KEITH SARTIN,                    )
                                      )
        Petitioner,           )
                                      )
v.                                    )     **Case No. 14-CV-472-JHP-FHM**
                                      )
JOE M. ALLBAUGH, Director,[1]         )
                                      )
        Respondent.           )
                                      )
        Respondent.           )

## OPINION AND ORDER

Before the Court is Petitioner's amended petition for writ of habeas corpus (Dkt. # 10). Petitioner is a state inmate and appears pro se. Respondent filed a response (Dkt. # 12) to the amended petition and provided supporting state court records (Dkt. ## 6, 7, 8). Petitioner filed a reply (Dkt. # 13) to the response. For the reasons discussed below, the amended petition for writ of habeas corpus shall be denied.

### BACKGROUND

On June 16, 2010, three-year-old J.B. died after sustaining multiple injuries, including a subdural hematoma, brain swelling, retinal hemorrhages, and bruises on his ears, head, face, arms, and legs, during the June 12-13, 2010, time period. J.B. was in the care of his mother's boyfriend, Petitioner Cody Keith Sartin, at a residence located in Tulsa, Oklahoma, when Sartin placed a 911 call, at approximately 1:30 a.m. on June 13, 2010, requesting emergency medical care for J.B.

---

[1]    Petitioner is in custody at Cimarron Correctional Facility, a private prison. Pursuant to Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, the proper party respondent in this matter is Joe M. Allbaugh, Director of the Oklahoma Department of Corrections. Therefore, Joe M. Allbaugh, Director, is substituted in place of Terry Martin, Warden, as party respondent. The Clerk of Court shall note the substitution on the record.

When paramedics arrived, J.B. was "posturing," indicating a serious head or spinal injury, and did not react to any stimuli. The paramedics transported J.B. to St. Francis Hospital. A CT scan showed subdural bleeding and massive swelling on the left side of J.B.'s brain. Medical efforts to save J.B. were unsuccessful. The Medical Examiner performed an autopsy and found that the cause of J.B.'s death was blunt head trauma and the manner of death was homicide.

As a result of those events, Petitioner was charged in Tulsa County District Court, Case No. CF-2010-2330, with First Degree Child Abuse Murder. Prior to the commencement of trial, the trial judge conducted a hearing on the admissibility of other crimes evidence under Okla. Stat. tit. 12, § 2404(B). See Dkt. # 6-2, Tr. Vol. II at 37-180. The other crimes evidence presented at the hearing demonstrated that, in September 2002, the six-month old daughter of Allicia Fowble, I.F., suffered a subdural hematoma, a skull fracture, retinal hemorrhages, and bruising to her ears, face, and chest. Fowble's boyfriend at the time was Petitioner. When I.F. was injured, both Fowble and Petitioner were present in the family home located in Payne County, Oklahoma. At the time, Fowble was in the bathroom changing the dressing on an infection in her leg. When she went into the bathroom, Petitioner was trying to give I.F. a bottle. When Fowble came out of the bathroom a few minutes later, I.F. was limp and non-responsive. Fowble and Petitioner took I.F. to Stillwater Regional Hospital, but due to the nature and seriousness of her injuries, she was airlifted to Children's Hospital in Oklahoma City for treatment. I.F. was eventually discharged from the hospital. Although I.F. was temporarily removed from Fowble's custody based on a finding of failure to protect, no criminal charges were filed against either Petitioner or Fowble.

After hearing the testimony of Allicia Fowler; Amy Baum, a social worker at Children's Hospital; and John Stuemky, a physician board certified in pediatrics, pediatric emergency medicine,

and child abuse, who provided treatment for I.F., the trial judge heard argument from the parties concerning the admissibility of the evidence.  Counsel for Petitioner argued that the evidence was prejudicial and that it would be "virtually impossible" for the jurors to consider the testimony for its limited purpose.  <u>See</u> Dkt. # 6-2, Tr. Vol. II at 174.  The prosecutor argued that a common factor between I.F. and J.B. is that they were both in the care of Petitioner at the time of their injuries, <u>see</u> <u>id.</u> at 168.  Further, the prosecutor noted that both I.F. and J.B. suffered unusual bruising to their ears and described the injury as Petitioner's "signature."  <u>Id.</u> at 175.   The trial  judge ruled that the evidence was admissible for the purposes of proving absence of accident, identity, intent, and knowledge.  <u>Id.</u> at 178-80.  Prior to admission of the evidence concerning the child abuse suffered by I.F., the Court instructed the jury from the bench that:

> [t]he evidence . . . that you're going to be hearing relating to the Fowble event is allowed by the Court not for the purpose of demonstrating the guilt or innocence of the defendant for the specific charge in the Information, but this evidence is being received by you solely on the issue of the defendant's alleged common scheme or plan, knowledge, identity, absence of mistake, or absence of accident.
> The evidence should be considered by you only for that limited purpose or for those limited purposes. Thank you.

<u>See</u> Dkt. # 6-4, Tr. Vol. VI at 568.  The jury also received the limiting instruction in writing prior to deliberating.  <u>See</u> Dkt. # 6-9, O.R. Vol. II at 260 (Instruction No. 14).

At the conclusion of trial, Petitioner's jury found him guilty as charged and recommended a sentence of life imprisonment and a $10,000 fine.  On April 16, 2012, the trial judge sentenced Petitioner in accordance with the jury's recommendation.  During trial proceedings, Petitioner was represented by attorneys Julie Ann Ball and Mark Cagle.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Wyndi Thomas Hobbs, Petitioner raised four (4) propositions of error, as follows:

Proposition 1: The trial court committed reversible error by refusing to allow the defense to present the complete testimony of Dr. Benjamin Benner. The court's actions violated Mr. Sartin's rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article II, Sections 7 and 20 of the Oklahoma Constitution.

Proposition 2: Mr. Sartin was denied a fair trial due to prosecutorial misconduct.

Proposition 3: Mr. Sartin received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution.

Proposition 4: The accumulation of errors deprived Mr. Sartin of a fair trial.

(Dkt. # 12-1). On May 2, 2013, in an unpublished summary opinion filed in Case No. F-2012-368 (Dkt. # 12-3), the OCCA denied relief and affirmed the Judgment and Sentence of the trial court. Petitioner did not file a petition for writ of certiorari at the United States Supreme Court.

On October 31, 2013, Petitioner filed his first application for post-conviction relief in state district court. See Dkt. # 12-4. On December 4, 2013, the trial judge denied the requested relief. See Dkt. # 12-5. Petitioner appealed, raising two (2) propositions of error, as follows:

Proposition 1: Petitioner received ineffective assistance of appellate counsel when counsel failed to raise a claim that the trial court erred when it admitted other-crimes evidence through the testimony of Allicia Fowble.

Proposition 2: Petitioner received ineffective assistance of appellate counsel when counsel failed to raise a claim that Ms. Fowble was not a credible witness.

(Dkt. # 12-6 at 9, 15). On May 12, 2014, in Case No. PC-2014-74, the OCCA declined jurisdiction and dismissed the appeal because Petitioner failed to file the petition in error within thirty (30) days

from the filing date of the district court's final order, as required by Rule 5.2(C)(2), Rules of the

Oklahoma Court of Criminal Appeals.  See Dkt. # 12-7.

On May 30, 2014, Petitioner filed his second application for post-conviction relief (Dkt. #

12-8).  By Order filed August 12, 2014 (Dkt. # 12-9), the trial judge denied the requested relief.

Petitioner appealed, raising two (2) propositions of error, as follows:

> Proposition 1:  Appellant received ineffective assistance of appellate counsel when counsel failed to raise a claim of ineffective assistance of trial counsel, when trial counsel failed to object in trial to the use of other-crimes evidence admitted through the testimony of Alicia Fowble.
>
> Proposition 2:  Petitioner received ineffective assistance of appellate counsel when it [sic] failed to raise a claim of ineffective assistance of trial counsel. Both were ineffective when they failed to raise a claim that, after the expert testimony of Dr. Sorrels, the State could not establish the charged offense beyond a reasonable doubt as required by the Fifth Amendment to the U.S. Constitution.

(Dkt. # 12-10 at 2, 3).  On October 22, 2014, in Case No. PC-2014-0730 (Dkt. # 12-11), the OCCA

affirmed the denial of Petitioner's second application for post conviction relief.

On August 13, 2014, during the pendency of his second post-conviction proceeding,

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1).  After Respondent filed a

response (Dkt. # 5), Petitioner filed an amended petition (Dkt. # 10) raising the following grounds

of error:

> Ground 1:      Petitioner received ineffective assistance of appellate counsel when it [sic] failed to raise a claim of ineffective assistance of trial counsel when trial counsel failed to offer Dr. Benner as an expert witness.  Appellate counsel's error violated Petitioner's Sixth and Fourteenth Amendments to the U.S. Constitution.
>
> Ground 2:      Prosecution misconduct violated Petitioner's due process rights to a fundamentally fair trial as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution.

Ground 3:    Petitioner received ineffective assistance of appellate and trial counsel. Trial counsel was ineffective for failing to raise an objection in court to the admission and use of other-crimes evidence that was improperly admitted to demonstrate Petitioner's alleged propensity. Appellate counsel was ineffective for filing to raise a claim of ineffective assistance of trial counsel on the trial counsel's failure to raise an objection on this issue. Appellate counsel's error violated Petitioner's due process rights to a fundamentally fair trial as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution.

Ground 4:    The State failed to establish the charged offense beyond a reasonable doubt as required by the Fifth Amendment to the U.S. Constitution.

(Dkt. # 10). Respondent filed a response (Dkt. # 12) to the amended petition and asserts that Petitioner is not entitled to habeas relief on any of his claims.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

Before addressing Petitioner's habeas claims, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The record demonstrates that Petitioner raised four (4) of his five (5) claims of prosecutorial misconduct presented in Ground 2 on direct appeal, and Petitioner raised his Ground 3 claim of ineffective assistance of appellate counsel in his second post-conviction proceeding. Those claims are exhausted. However, the Ground 1 claim of ineffective assistance of appellate counsel, the Ground 4 claim challenging the sufficiency of the evidence, the fifth claim of prosecutorial misconduct raised in Ground 2, and the Ground 3 claim of ineffective assistance of trial counsel[2] are

---

[2]As discussed in Part B(1) herein, Petitioner raised a direct appeal claim of ineffective assistance of trial counsel for violating discovery procedures with respect to the testimony of Dr. Benner. See Dkt. # 12-1 at 27-28. In Ground 3 of his amended habeas petition, Petitioner complains that trial counsel provided ineffective assistance in failing to object in court to the admission of other crimes evidence. That habeas claim has not been presented to the OCCA.

unexhausted.  In light of the procedural posture of this case, the Court finds an absence of available State corrective process, see 28 U.S.C. § 2254(b)(1)(B), and the unexhausted claims are not barred by the exhaustion requirement.  Nonetheless, the unexhausted claim of ineffective assistance of appellate counsel raised in Ground 1 is easily denied on the merits, see 28 U.S.C. § 2254(b)(2), and as discussed in Part C, below, habeas corpus relief on the remaining unexhausted claims is denied based on an anticipatory procedural bar.

The Court also finds that Petitioner is not entitled to an evidentiary hearing.  See Cullen v. Pinholster, 563 U.S. 170, 184-85 (2011); Williams v. Taylor, 529 U.S. 420 (2000).

## B.  Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions."  White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.

See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Richter, 562 U.S. at 103); see also Metrish v. Lancaster, 569 U.S. 351, 133 S. Ct. 1781, 1787 (2013). Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Richter, 562 U.S. at 98; Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

To the extent Petitioner includes a claim of ineffective assistance of trial counsel in Ground 1, Petitioner presented the claim to the OCCA on direct appeal. In addition, Petitioner presented part of Ground 2 to the OCCA on direct appeal. Because the OCCA addressed those claims on the merits, the Court will review them under the standards of § 2254(d).

### 1. Ineffective assistance of counsel (Ground 1)

In Ground 1, Petitioner alleges that appellate counsel provided ineffective assistance in omitting a claim of ineffective assistance of trial counsel based on trial counsel's failure to secure a witness, Dr. Benner, the neurosurgeon who performed surgery on J.B., for trial. As argued by Respondent, this claim of ineffective assistance of appellate counsel is unexhausted. However, it is easily denied on the merits because the record demonstrates that appellate counsel did in fact raise a claim of ineffective assistance of trial counsel with regard to the handling of Dr. Benner's testimony. Therefore, the Ground 1 claim of ineffective assistance of appellate counsel is denied.

In his reply to Respondent's response (Dkt. # 13), Petitioner emphasizes that "[t]he central issue in Petitioner's claim is that his trial attorney, Ms. Ball, was deficient and ineffective when she failed to endorse Dr. Benjamin Benner as an expert witness." Id. at 1. This claim of ineffective assistance of trial counsel was raised on direct appeal. The OCCA rejected Petitioner's claim of trial court error in excluding the testimony of Dr. Benner as "harmless beyond a reasonable doubt." See Dkt. # 12-3 at 2. The OCCA reasoned that "[t]he trial court properly found that defense counsel failed to timely disclose proposed testimony to the State," and characterized the non-disclosure as resulting from "counsel's negligence and poor judgment . . ." See id. The OCCA then denied relief on Petitioner's claim of ineffective assistance of counsel, citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and finding as follows:

> [c]ounsel's deficient performance in failing to comply with discovery led to the erroneous exclusion of defense testimony, but this underlying error was harmless beyond a reasonable doubt. Appellant therefore cannot show prejudice to the outcome of the trial, as required by *Strickland*.

(Dkt. # 12-3 at 4).

To the extent Petitioner's Ground 1 claim includes the claim of ineffective assistance of trial counsel raised on direct appeal, Petitioner is not entitled to habeas corpus relief unless he shows that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this

determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). "The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 112. If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs. This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential." Pinholster, 563 U.S. at 190 (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

Petitioner bears the burden of demonstrating that the OCCA unreasonably applied Strickland. After careful review of the record, the Court finds Petitioner has failed to make the necessary showing. Dr. Benner testified as a fact witness for the defense. During direct examination, Petitioner's trial counsel attempted to elicit Dr. Benner's opinion of the time frame for when J.B.'s injuries occurred and the expected symptoms resulting from the injuries. However, because trial

counsel failed to identify Dr. Benner as an expert witness, the State lodged an objection to the opinion testimony. Defense counsel made an offer of proof, as follows: "he will say that timing of this injury is difficult to determine, but he would say it's no longer than 12 hours prior to the time [J.B.] was taken to the hospital . . . he will also testify as to what symptoms he would expect [J.B.] to have exhibited." See Dkt. # 7-5, Tr. Vol. XI at 1298. After hearing the parties' arguments, the trial judge sustained the State's objection and restricted Dr. Benner's testimony to the contents of his three reports, none of which contained information about the timing of J.B.'s injuries or the symptoms of those injuries. See id. at 1294-1308.

In light of the evidence presented at trial, the Court finds that Petitioner fails to satisfy the prejudice prong of Strickland. Even if trial counsel's failure to designate Dr. Benner as an expert witness in compliance with discovery requirements was deficient performance, Petitioner fails to demonstrate that, but for the deficient performance, the result of his trial would have been different. Two witnesses for the prosecution, Dr. Andrew Sibley, the forensic pathologist who performed the autopsy on J.B., and Dr. Michael A. Baxter, a child abuse pediatrician who was involved in the care of J.B. at St. Francis Hospital, testified that the type of injury suffered by J.B. would have resulted in a decreased level of consciousness or complete unconsciousness almost immediately, or at least within five (5) minutes. See Dkt. # 7-3, Tr. Vol. X at 1108-09, 1117, 1158-59. In contrast, the expert witness called by the defense, Dr. Christopher Sorrels, a physician with Warren Clinic Urgent Care, testified that, based on his review of J.B.'s records, J.B. sustained his injuries "12-24 hours prior to presentation" at the hospital. See Dkt. # 7-7, Tr. Vol. XII at 1364. Dr. Benner's anticipated testimony, as expressed by defense counsel in her offer of proof, that the injuries occurred "no longer that 12 hours prior to the time [J.B.] was taken to the hospital" would have been in conflict

with the testimony of the defense's expert witness.  In addition, Dr. Sorrels' testimony  that the

injuries occurred 12-24 hours prior to presentation at the hospital, at a time when Petitioner was not

J.B.'s sole caretaker, did not convince the jury that Petitioner was not guilty.  Therefore, Petitioner

has not demonstrated that the result of his trial would have been different had defense counsel

designated Dr. Benner as an expert witness and he has failed to satisfy the prejudice prong of

Strickland.  Petitioner has not overcome the doubly deferential standard of review applicable to this

claim.  He has not shown that the OCCA's adjudication of this claim was contrary to, or an

unreasonable application of, Strickland and his request for habeas corpus relief on Ground 1 shall

be denied.

### 2.  Prosecutorial misconduct (Ground 2)

As his second ground of error, Petitioner alleges that prosecutorial misconduct violated his

due process right to a fundamentally fair trial as guaranteed by the Sixth and Fourteenth

Amendments to the United States Constitution.  Petitioner identifies five (5) specific instances of

alleged prosecutorial misconduct: (1) asking J.B.'s pediatrician about the impact of J.B.'s death on

him and his staff; (2) asking J.B.'s mother whether J.B.'s organs were donated to other children after

J.B.'s death; (3) expressing a personal opinion during closing argument; (4) asking the jury to view

a photograph of a healthy, uninjured J.B., after reaching a verdict; and (5) offering photographs of

IF's injuries for comparison to those of J.B.  The first four instances were presented to the OCCA

on direct appeal.[3]   The OCCA denied relief, finding in pertinent part as follows:

> [w]e evaluate prosecutorial misconduct claims within the context of the entire trial,
> considering the propriety of the prosecutor's actions, the strength of the evidence,

---

[3]The fifth instance of prosecutorial misconduct has not been presented to the state courts and is
procedurally barred, as discussed in Part C herein.

and the corresponding arguments of defense counsel. *Hanson v. State*, 2009 OK CR 13, ¶ 18, 206 P.3d 1020, 1028. The trial court sustained objects to several of the challenged comments, thus curing any error. *Mack v. State*, 2008 OK CR 23, ¶ 9, 188 P.3d 1284, 1289. Appellant either failed to object to the remaining comments, or his objections to the comments were properly overruled.

(Dkt. # 12-3 at 3).

Prosecutorial misconduct, if it occurs, can "create constitutional error in one of two ways." Matthews v. Workman, 577 F.3d 1175, 1186 (10th Cir. 2009). "First, prosecutorial misconduct can prejudice 'a specific right, such as the privilege against compulsory self-incrimination, as to amount to a denial of that right.'" Id. (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). When this occurs, a petitioner need not show that his entire trial was rendered fundamentally unfair. See Dodd v. Trammell, 753 F.3d 971, 990 (10th Cir. 2013). "Second, even if the prosecutor's improper remarks do not impact a specific constitutional right, they may still create reversible error if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Matthews, 577 F.3d at 1186 (quoting Donnelly, 416 U.S. at 643). Under this test, prosecutorial comments violate due process only when the prosecutor's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly, 416 U.S. at 642-48. To satisfy this test, a petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that absent the remarks, a conviction probably would not have occurred. Thomas v. Cowley, 1991 WL 151773 at *9 (10th Cir. Aug. 8, 1991) (unpublished).[4]

---

[4]This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

In this case, the record reflects that defense counsel objected to all but one of the prosecutor's remarks challenged in this habeas action and raised on direct appeal. Of the four cited instances, the trial judge sustained defense counsel's objection and admonished the jury to disregard two of the comments: when the prosecutor asked J.B.'s pediatrician about the impact of J.B.'s death on him and his staff, <u>see</u> Dkt. # 6-7, Tr. Vol. VIII at 855, and when the prosecutor asked J.B.'s mother whether J.B.'s organs were donated to other children after J.B.'s death, <u>see</u> Dkt. # 7, Tr. Vol. IX at 1036. The Tenth Circuit has recognized the OCCA's longstanding position that, when a trial court sustains an objection and admonishes the jury to disregard the improper comment, any error is usually cured and that the position does not conflict with standards established by federal law. <u>Patton v. Mullin</u>, 425 F.3d 788, 800 (10th Cir. 2005). Petitioner has failed to establish either an "overwhelming probability" that the jury was unable to follow that curative instructions or "a strong likelihood" that the effect of the evidence would be "devastating" to the "defendant." <u>See</u> <u>Greer v. Miller</u>, 483 U.S. 756, 766 n.8 (1987) (internal quotation marks omitted).

As to the challenged comments made by the prosecutor during closing argument, the record reflects that defense counsel objected to the prosecutor's asking:

> [w]hat do you think [J.B.] felt in those last few horrifying moments where we know he was trying to get away from him because that's why he's got so many different injuries? What do you think he felt? How bad did this hurt? How bad did this hurt? How bad did this hurt? How bad did this hurt? How bad did this hurt? I hope hat when [J.B.] got this, he was knocked unconscious and he didn't feel it anymore.

(Dkt. # 7-7, Tr. Vol. XII at 1452). The trial judge overruled defense counsel's objection based on the prosecutor improperly expressing personal opinion, but cautioned the prosecutor "to bring yourself to the facts." <u>Id.</u> The OCCA determined that defense counsel's objection was "properly overruled." <u>See</u> Dkt. # 12-3 at 3. This Court agrees that the challenged comments were not an

improper expression of personal opinion. In light of the strength of the State's case, Petitioner has not shown that his trial was rendered fundamentally unfair due to the above-cited comments from the State's closing argument.

Lastly, Petitioner complains that the prosecutor improperly argued as follows:

> [a]fter you have reached your verdict, and before you come back into this courtroom, I ask you to do one last thing. I ask you to put away all of the horrible images, and I ask you to take a look at this picture, and I ask you to remember [J.B.] for the miracle baby that he was, for the happy, smiling three-year-old that he was.

(Dkt. # 7-7, Tr. Vol. XII at 1476-77). Defense counsel did not object to these comments. As a result, the OCCA reviewed for plain error and found "no plain error in the prosecutor's comments." See Dkt. # 12-3 at 3.

Oklahoma law defines plain error as "an error which goes to the foundation of the case, or which takes from a defendant a right essential to his defense," Simpson v. State, 876 P.2d 690, 698 (Okla. Crim. App. 1994), and "impinges on the fundamental fairness of trial." Cleary v. State, 942 P.2d 736, 753 (Okla. Crim. App. 1997). Addressing Oklahoma's definition of plain error, the Tenth Circuit found that there was "no practical distinction between the formulations of plain error . . . and the federal due-process test, which requires reversal when error so infused the trial with unfairness as to deny due process of law." Thornburg v. Mullin, 422 F.3d 1113, 1125 (10th Cir. 2005) (citation and internal quotation marks omitted). When the OCCA applies the plain error standard of review, this Court must defer to its ruling unless it "unreasonably appli[ed]" the test. Id. (internal quotation marks omitted). Here, after considering all of the surrounding circumstances, including the strength of the State's case, the Court finds the cited comments were not so egregious that Petitioner's trial was rendered fundamentally unfair. Therefore, the OCCA did not unreasonably apply the due process test and the Court defers to the OCCA's ruling.

In summary, Petitioner has not satisfied § 2254(d) as to the Ground 2 claims of prosecutorial misconduct adjudicated by the OCCA. His request for habeas relief on those claims is denied.

## C. Procedural bar (part of Ground 2, Grounds 3 and 4)

As part of Ground 2, Petitioner raises a claim of prosecutorial misconduct that has not been presented to the state courts. Specifically, Petitioner alleges that the prosecutor improperly offered photographs of IF's injuries for comparison to those of J.B. In addition, Petitioner's Ground 4 challenge to the sufficiency of the evidence and his Ground 3 claim of ineffective assistance of trial counsel have not been presented to the state courts. Because the OCCA would impose a procedural bar on those claims if Petitioner were to return to state court to file a third application for post-conviction relief, the claims are subject to an anticipatory procedural bar.

Further, the claims of ineffective assistance of appellate counsel raised in Ground 3 were presented to the state courts in either Petitioner's first or second post-conviction proceeding. Petitioner raised his claim of ineffective assistance of appellate counsel for failing to raise a claim of trial court error in the admission of other crimes evidence in his first application for post-conviction relief. The trial judge denied relief because the underlying claim would have been found meritless had it been raised on direct appeal. See Dkt. # 12-5 at 6. As a result, Petitioner's appellate counsel did not provide ineffective assistance in failing to raise the claim. Id. Petitioner attempted to appeal that ruling. However, the OCCA declined jurisdiction and dismissed the appeal based on Petitioner's failure to comply with Rule 5.2(C), Rules of the Oklahoma Court of Criminal Appeals. See Dkt. # 12-7. Petitioner raised his claim of ineffective assistance of appellate counsel for omitting a claim of ineffective assistance of trial counsel for failing to lodge an objection to the admission of other crimes evidence in his second application for post-conviction relief. The trial

judge denied relief on procedural grounds based on Petitioner's failure to raise the claim in his first application for post-conviction relief. See Dkt. # 12-9 at 5. Petitioner appealed and the OCCA affirmed the denial of relief on procedural grounds, citing Okla. Stat. tit. 22, § 1086, and finding that "[s]ufficient reason has not been given for Petitioner's failure to adequately raise these issues in previous proceedings." See Dkt. # 12-11 at 2. In response to the petition, Respondent asserts that this Court should uphold the procedural bars imposed by the OCCA on Petitioner's Ground 3 claims of ineffective assistance of appellate counsel.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (internal quotation marks and citation omitted).

Here, the Court finds that Grounds 3, 4, and the unexhausted claim raised in Ground 2 are procedurally barred. The OCCA's procedural bars imposed on Petitioner's Ground 3 claims of ineffective assistance of appellate counsel were "independent" state grounds because Petitioner's failure to comply with state procedural rules provided "the exclusive basis for the state court's holding[s]." Id. Additionally, the procedural bar imposed on Petitioner's ineffective assistance of

appellate counsel claim raised for the first time in his second post-conviction appeal was based on an "adequate" state ground sufficient to bar the claim.  See Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002) (stating that Okla. Stat. tit. 22, § 1086, "is an independent and adequate state ground for denying habeas relief").  Also, the procedural bar imposed on Petitioner's ineffective assistance of appellate counsel claim raised in his first post-conviction appeal was based on Petitioner's failure to comply with Rule 5.2(C).  See Dkt. # 12-7.  The Tenth Circuit has found that a petitioner's failure to comply with Rule 5.2(C) is independent and adequate to preclude federal review.  See Johnson v. Champion, 288 F.3d 1215, 1226 (10th Cir. 2002) (finding Rule 5.2(c) provides an adequate state ground for procedural bar).  In addition, if Petitioner were to return to state court to raise the unexhausted claims raised in Grounds 2, 3, and 4, in a third application for post-conviction relief, the OCCA would impose a procedural bar based on state law grounds independent and adequate to preclude federal review.  Therefore, those claims are also procedurally barred.

This Court may not consider the defaulted claims unless Petitioner is able to show "cause and prejudice" for the procedural default or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered.  See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997).  The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id.  As for prejudice, a petitioner must show "actual prejudice resulting from the errors of which he complains."  United States v. Frady, 456 U.S. 152, 168 (1982).  A "fundamental miscarriage of justice" instead

requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner makes no attempt to demonstrate cause for his failure to present the unexhausted claims in Grounds 2, 3, and 4 to the state courts. As to the exhausted claims raised in Ground 3, Petitioner fails to offer an explanation for his procedural default of the claim of ineffective assistance of appellate counsel raised in his first post-conviction appeal and for his failure to raise his second post-conviction claim of ineffective assistance of appellate counsel in his first application for post-conviction relief – Petitioner simply argues that the Court may adjudicate the claims on the merits because the claims were raised on direct appeal. See Dkt. # 13 at 3. Petitioner is incorrect. The Ground 3 claims of ineffective assistance of appellate counsel were not raised on direct appeal. Petitioner fails to recognize that the claims were procedurally defaulted on post-conviction appeal. Petitioner has not demonstrated cause and prejudice for the procedural default of his claims.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. The petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence – that was not presented at trial." Id. at 324. Moreover, this new evidence must be sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." Id. at 327; see House v. Bell, 547 U.S. 518, 536-37 (2006).

In his reply, Petitioner claims that had Dr. Benner been allowed to testify as to his opinions, the testimony would have established Petitioner's "actual innocence." See Dkt. # 13 at 3. However, "actual innocence" refers to factual innocence and not mere legal sufficiency. Bousley v. United States, 523 U.S. 614, 623-24 (1998). Further, Petitioner provides no "new reliable evidence" demonstrating his actual innocence. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims. Coleman, 510 U.S. at 724. Habeas corpus relief on those grounds shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant

has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004). As to the claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds is debatable. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      The Clerk of Court shall note the substitution of Joe M. Allbaugh, Director, in place of Terry Martin, Warden, as party respondent.

2.      The amended petition for a writ of habeas corpus (Dkt. # 10) is **denied**.

3.      A certificate of appealability is **denied**.

4.    A separate Judgment shall be entered in this case.


**DATED** this 21st day of August, 2017.


James H. Payne
United States District Judge
Northern District of Oklahoma